**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JPL:BW
F. #2019R00489

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 26, 2026

By ECF

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Stephen Burton
Criminal Docket No. 22-79 (PKC)

Dear Judge Chen:

The government respectfully submits this letter motion in advance of sentencing for the defendant Stephen Burton (the "defendant" or "Burton"), currently scheduled for July 1, 2026. [redacted]

The government also requests that the Court enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. §§ 853(a) and (p), and 28 U.S.C. § 2461(c), in accordance with the Preliminary Order of Forfeiture previously entered by the Court. See ECF No. 37. Within 90 days of sentencing, the government will submit a proposed Order of Restitution, pursuant to 18 U.S.C. §§ 3663A and 3664.

## I. Factual Background

From approximately June 2017 to February 2019, Burton and his co-defendant Wellesley (together, "the defendants"), operated a brazen Ponzi scheme in which they

fraudulently obtained over $97 million from over 140 victim investors. See Apr. 22, 2026 Addendum to the Presentence Investigation Report. When the defendants' Ponzi scheme ultimately unraveled, victims had incurred losses of over $83 million. See Jan. 30, 2026 Presentence Investigation Report ("PSR") ¶ 16.

Through their companies Bordeaux Cellars, Limited and Bordeaux Cellars London Ltd. (collectively, "Bordeaux Cellars"), the defendants solicited investors to provide loans to cash-needy lenders in exchange for quarterly interest payments on the loaned funds. Id. ¶ 9. The defendants falsely told investors that their loans were secured by bottles of luxury wine in Bordeaux Cellars's possession. Id. Burton, who was the founder and CEO of Bordeaux Cellars, directly solicited investors at investor conferences. Id. ¶ 21. Contrary to the defendants' representations to their investors, Bordeaux Cellars did not possess the vast majority of the wine that was supposedly serving as security for the victims' loans and the money "invested" by the victims was not being loaned to cash-needy lenders, but rather was misappropriated by the defendants. Id. ¶¶ 14-15.

From June 2017 to December 2018, victims who had invested in Bordeaux Cellars's Term Loans received supposed interest payments and many victims rolled over their principal investments to new loans at the end of the loan terms. Id. ¶ 16. However, the supposed interest payments that victims received were not sourced from lenders paying interest on the loans, but rather were sourced from new investment funds fraudulently obtained by Bordeaux Cellars, in classic Ponzi scheme fashion. Id. ¶ 15. Of the over $97 million solicited from victims, the defendants only paid back approximately $14 million before their Ponzi scheme unraveled. Id. ¶ 16.

On February 28, 2022, Burton was charged by indictment with wire fraud, conspiracy to commit wire fraud and conspiracy to commit money laundering in violation of, respectively, 18 U.S.C. §§ 1343, 1349 and 1956(h). The defendant was arrested in Morocco on March 26, 2022 and was extradited to the United States on December 15, 2023. Id. ¶ 18. The defendant was detained in Morocco during the pendency of his extradition proceedings and has been detained in the United States since his extradition. On July 24, 2025, Burton pleaded guilty to one count of wire fraud conspiracy, in violation of 18 U.S.C. § 1349, and one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), pursuant to a cooperation agreement with the government.

The defendant has multiple prior criminal convictions, all outside the United States. In 1982, he was convicted of theft and fraud in New Zealand. Id. ¶ 43. In 1983, he was incarcerated on bank fraud-related charges for approximately 10-12 months in Australia. Id. ¶ 42. In 1984, he was convicted of theft and fraud in Australia. Id. ¶ 43. In 1997, he was convicted of fraud in Zurich. Id. In 1999, he was convicted of fraud and impersonating a police officer in the United Kingdom and incarcerated from 1999-2000. Id. ¶¶ 42-43. In 2001, he was convicted of conspiracy to acquire ammunition in the United Kingdom. Id. ¶ 43. In 2019, he was sentenced to four years' incarceration in the United Kingdom for conspiracy to acquire firearms. Id. ¶ 42. After being released after completing two years of this prison term, the defendant attempted to illegally enter Morocco and was convicted of immigration fraud and illegal reentry. Id. The defendant was incarcerated following these convictions until he was released from Moroccan custody and extradited to the United States in December 2023. Id.

[redacted]

[redacted]

[redacted]

V. Restitution and Forfeiture

Under 18 U.S.C. § 3663A, the Court shall impose restitution. In United States v. Zangari, 677 F.3d 86, 93 (2d Cir. 2012), the Second Circuit held that restitution must be measured according to the victim's actual loss, not the defendant's gain. Moreover, in calculating restitution, "these losses need not be mathematically precise," and "[a] reasonable approximation will suffice, especially in cases in which an exact dollar amount is inherently incalculable." United States v. Rivernider, 828 F.3d 91, 115 (2d Cir. 2016) (internal quotation marks omitted). The government anticipates submitting a proposed Order of Restitution within 90 days of sentencing.

In addition, Burton has agreed to forfeit money and property, as set forth in plea agreement. The government requests that the Court enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. §§ 853(a) and (p), and 28 U.S.C. § 2461(c), in accordance with the Preliminary Order of Forfeiture previously entered by the Court. See ECF No. 37.

[redacted]

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: Benjamin Weintraub
Benjamin Weintraub
Assistant U.S. Attorney
(718) 254-6519

cc: Clerk of the Court (PKC)
Jonathan Wallenstein, Esq. (counsel to the defendant) (by E-mail)
Erica Vest, U.S. Probation (by E-mail)