**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

BW
F. #2019R00489

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 16, 2026

By ECF

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Stephen Burton
Criminal Docket No. 22-79 (PKC)

Dear Judge Chen:

The government respectfully submits this supplemental sentencing memorandum to address certain issues raised during the defendant's initial sentencing proceeding on July 1, 2026.

First, with respect to the 21 months that the defendant spent in custody in Morocco, the government concurs with the defendant that he was sentenced to an 8-month term of incarceration in connection with the Moroccan visa fraud conviction. Accordingly, of the 21 months that the defendant was incarcerated in Morocco, eight months is attributable to the visa fraud and the remaining 13 months is attributable to continued incarceration pending extradition to the United States.

Second, the defendant's 2019 money laundering conviction in the United Kingdom stemmed from his February 14, 2019 arrest by the Kent Police. Kent Police arrested the defendant in a hotel room on February 14, 2019 and recovered property worth approximately £927,725 from the hotel room. Specifically, the police recovered gold bars and Krugerrand coins worth £742,544, silver coins worth £8,460, £53,403 in cash, €14,120 in cash, five luxury watches worth a combined £110,000, 500 lottery tickets and two fake passports in the defendant's name but with different dates and countries of birth. Based on the recovery of these assets, the defendant was charged with money laundering and possession of false identity documents. The defendant pleaded guilty to both charges at Isleworth Crown Court on September 6, 2019 and was sentenced to 3 years and 360 days imprisonment. On October 30, 2019, a confiscation order against the defendant in the amount of £927,725 was issued.

Though the government suspects that the assets seized from the defendant incident to his February 14, 2019 arrest represented proceeds or ill-gotten gains stemming from his involvement in the Bordeaux Cellars fraud scheme that is at the heart of the instant case, the government understands that the defendant was never charged in England for the underlying fraudulent conduct that was the Bordeaux Cellars Ponzi scheme. Further, the money laundering charges in the indictment in the instant case do not stem from the defendant's possession of the illicit assets that were seized from the defendant's hotel room in February 2019. Rather, the money laundering charges stem from the defendant and his co-conspirator's laundering of funds through bank accounts during the time the Bordeaux Cellars Ponzi scheme was ongoing. That said, the prosecutors in England never directly tied the money laundering for which Burton was convicted there to Bordeaux Cellars. Rather, as the government has been informed by the British prosecutors, the defendant pleaded guilty to laundering proceeds "from unknown criminality . . . of which there was an irresistible inference that the funds were criminal property." Accordingly, the government submits that the Court should not afford the defendant any credit for the time served in connection with the 2019 money laundering conviction in England. Further, any credit that the Court may be inclined to give the defendant for that conviction ought to be counterbalanced by the fact that the defendant, while in the middle of serving his prison term, fled the United Kingdom while on a temporary release from custody on account of the COVID-19 pandemic.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: ______________________________
Benjamin Weintraub
Assistant U.S. Attorney
(718) 254-6519

cc: Clerk of the Court (PKC)
Jonathan Wallenstein, Esq. (counsel to the defendant) (by E-mail)
Erica Vest, U.S. Probation (by E-mail)